NICHOLAS MARCHI
Carney & Marchi, P.S.
7502 West Deschutes Place
Kennewick WA 99336
(509) 545-1055
Attorneys for Defendant
NICHOLAS SEAN CARTER

UNITED STATES DISTRICT COURT
IN AND FOR THE EASTERN DISTRICT OF WASHINGTON
RICHLAND, WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>NICHOLAS SEAN CARTER,<br><br>    Defendant | Case No. 2:20-cr-00005-SMJ-2<br><br>MOTION AND MEMORANDUM RE: SUPPRESSION OF EVIDENCE<br><br>Note: May 28, 2020 at 10:00 am<br>Judge Mendoza at Richland<br><br>Evidentiary Hearing Requested |

COMES NOW the Defendant, NICHOLAS SEAN CARTER, and moves this Court for an Order suppressing the evidence seized in this matter. This motion is based on the attached Memorandum of Law filed in support of this motion. Specifically, the defendant moves to suppress evidence seized from the defendant and from the residence at 112 N. Pettybone, Rd., Dixie, Washington on November 7, 2019.

I.  Facts

Mr. Carter is currently charged with three counts of Possession with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C

§841(a)(1)(b)(1)(B)(viii); and one count of Felon in Possession of a Firearm in violation of 18 U.S.C §922(g).

On November 7, 2019, Agent Bach and Walla Walla Detective Bump met with a confidential informant, hereinafter CI, who stated that he was aware that Ms. Pesina and her boyfriend Nick were involved in drug trafficking.  The CI stated that he could possibly purchase narcotics from Ms. Pesina.  He said that he only met the boyfriend a few times and knew him as Nick.  He did not know the last name. A copy of the arrest report is attached as Exhibit A.

On the same date, the Agent was advised that the U.S. Marshals were looking for Mr. Carter and Ms. Pesina and they had a warrant for their arrest.   On that date, officers went to the residence and arrested Mr. Carter and Ms. Pesina. They then requested a search warrant from Walla Walla District Court.  Exhibit B. As a result of the search of the residence, several firearms were located in the residence as well as narcotics.

Mr. Carter requests that this Court suppress the evidence seized from the residence.  He maintains that the warrant was invalid due to omissions and misstatements in the affidavit in support of the search warrant.  Mr. Carter would further request a evidentiary hearing pursuant to *Franks v. Delaware,* 438 U.S. 154 (1978) and *United States v. Ippolito,* 774 F.2d 1482 (9th Cir. 1985)  This

request is based on the files herein and the attached Memorandum of Law and attachments.

## II.  ARGUMENT

THERE WERE MISREPRESENTAIONS ANDS OMMISSIONS THAT WERE PURPOSEFULLY OR RECKLESSLY MISLEADING THUS INVALIDATING THE AFFIDAVIT IN SUPPORT OF THE SEARCH WARRANT.

The inquiry of a warrant applicant is "whether a reasonably well-trained officer in [the applicant]'s position would have known that his affidavit failed to establish probable cause and that he should not have applied for the warrant. If such was not the case, the officer's application for a warrant was not objectively reasonable..." *Malley v. Briggs,* 475 U.S. 335, 345 (1986). [S]uppression is appropriate only if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause." *United States v. Leon*, 468 U.S. 897, 926, reh'g denied, 468 U.S. 1250 (1984).

In this case, the warrant applicant was either purposefully or recklessly misleading regarding the informant's reliability and the facts of the case.  Based on this lack of information, the evidence obtained in this case should be suppressed.

To prevail on a claim that the police procured a warrant through deception, the party challenging the warrant must show that the affiant deliberately or recklessly made false statements or omissions that were material to the finding of

probable cause. *See Ewing v. City of Stockton*, 588 F.3d 1218, 1223 (9th Cir. 2009). Our evaluation of materiality requires that we consider the effect of any false statements or omissions. " If an officer submitted false statements, the court purges those statements and determines whether what is left justifies issuance of the warrant." *Id*. at 1224. " If the officer omitted facts required to prevent technically true statements in the affidavit from being misleading, the court determines whether the affidavit, once corrected and supplemented, establishes probable cause." *Id*. " If probable cause remains after amendment, then no constitutional error has occurred." *Bravo v. City of Santa Maria*, 665 F.3d 1076, 1084 (9th Cir. 2011).

    Mr. Carter maintains that the affidavit neglected to state how the CI was found to be reliable. The affidavit uses conclusionary language as to the reliability of the CI. In addition, the affidavit is misleading as it implies that the CI knew Mr. Carter. However, as indicated in the reports, the CI did not know Mr. Carter and had met him only a few times. The CI did not know Mr. Carter's last name as stated in the affidavit. Finally, the report does not state the CI said anything about muzzle loaders to the agents when they spoke with him. Given these misstatements and omissions, the evidence seized must be suppressed.

## III.  CONCLUSION

The defendant respectfully requests that the court suppress all evidence obtained as a result of the search conducted pursuant to the warrant issued in this case.  Alternatively, the defendant requests that the Court conduct a hearing on this motion to suppress pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978).

DATED this 14th day of April 2020.

                                          Respectfully Submitted,

                                        *S/Nicholas Marchi*
                                        CARNEY & MARCHI

## CERTIFICATE OF SERVICE

I certify that a copy of the Motion and Memorandum RE: Suppression of Evidence was e-mailed via ECF on 4/14/2020, to S. Van Marter, Assistant United States Attorney, 402 E. Yakima, Suite 210, Yakima, WA 98901 and the A. Pechtel, attorney for Ms. Pesina.

    *S/ Nicholas Marchi*
    CARNEY & MARCHI, P.S.
    Attorneys for Defendant